

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Frank R. Murray
County Attorney
Carson County
Panhandle, Texas

Dear Sir:

Opinion No. O-8503
Re: The authority of the County
Commissioners' Court to ac-
quire land for the drainage
of State highways.

We acknowledge receipt of your request for an opinion of this Department on the authority of the commissioners' court to acquire easements and rights-of-way for the drainage of State highways.

Your request states that the State Highway Department has built a highway and constructed a drainage ditch which drained the water onto other property and the property owner has filed a claim with the county for the rights-of-way, easements and damages.

It appears to us that the exact question to be determined is whether the county has authority to acquire rights-of-way and easements for the drainage of State highways.

The question must necessarily be determined by Article 6674n, Vernon's Annotated Civil Statutes, which provides in part as follows:

"Whenever, in the <u>judgment</u> of the State Highway Commission, the <u>use</u>, or <u>acquisition</u> of any <u>land</u> for <u>road, right-of-way purposes</u>, timber, earth, stone, gravel or other <u>material</u>, necessary and convenient to any road to be . . . . <u>maintained</u> . . . ., the same may be acquired by purchase or condemnation by the county commissioners' court." (Underscoring ours)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is, therefore, apparent from the Article just quoted that the necessity of such land or right-of-way must first be determined by the State Highway Commission. In other words, the authority to determine whether or not the land is necessary for the proper maintenance of a State highway is in the State Highway Commission and not in the commissioners' court.

Article 6674n, Vernon's Annotated Civil Statutes, also provides that before a county can acquire land for such purposes, a request must be made by the State Highway Commission. The county does not have authority to purchase or condemn land for State highway purposes on its own behalf. O'Keefe vs. Hudspeth County, 25 S. W. (2d) 625.

You are, therefore, advised that the county commissioners' court cannot acquire land for drainage purposes until it is determined by the State Highway Commission that such land is necessary for the proper maintenance of said highway. You are further advised that the county must also be requested by the State Highway Commission to acquire said tract of land before it has authority to do so. If it does not have such a request, it is not authorized to procure land for said purpose.

We sincerely trust that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Richard H. Cooke
Assistant

RHC:N

APPROVED JUL 29, 1940

Glenn R. Lewis
ATTORNEY GENERAL OF TEXAS

